In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00217-CR
______________________________


ALLAN CUNNINGHAM, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 19932


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Allan Cunningham appeals from his conviction for robbery.


 A jury assessed his
punishment at seventy-five years' imprisonment and a $10,000.00 fine. On appeal,
Cunningham raises exactly the same issues (with one addition) in this appeal that he
brought before this Court in his companion appeal in cause number 06-05-00215-CR, an
appeal from his conviction for burglary of a habitation. In this case, the theft involved is the
one we addressed in the companion case, with the additional element of causing bodily
injury. 
          The evidence shows the following sequence of events. Cunningham was riding
around with Bobby Lemon and Christopher Ray when they stopped in front of John
Lightfoot's house. Lemon testified he went inside the garage to steal something, and
ended up taking beer out of an ice chest. When Lemon came back out with stolen beer
in hand, Cunningham was arguing with one of Lightfoot's neighbors, Larry Buster. A fight
ensued, and both Cunningham and Lemon struck Buster before they drove away. Ray
testified that he stayed in the car, that Lemon said it was a friend's house, and that, before
Lemon went into the garage, he had no idea a crime would occur. 
          Buster testified that, when he saw the car backed in Lightfoot's driveway, he went
over to see what was going on, and that Cunningham was in the car. Buster testified that
Cunningham yelled at him and got out of the car, and at about the same time, he saw
someone else come out of the garage with beer in his hand, and that both Cunningham
and Lemon hit and kicked him until he blacked out. 
          Lightfoot testified that he was in the house at the time and did not hear the fight. 
Buster, bloody from the battle, banged on Lightfoot's door and told him what had
happened. Lightfoot checked his garage, and eventually realized some beer was missing
from an ice chest. 
          Lemon testified that, after this occurred, while they were driving around, he saw a
pickup truck with tools in the back, and that he got out and stole the truck and drove away
in it—with Cunningham following in his own car. Lemon stopped near a business, 
unloaded the items in the truck into the car, left the truck there, and drove away. When
they stopped again a few minutes later, Ray got into a fight with Cunningham about a
number of things involving their behavior, and, ultimately, Ray threw cans of beer at
Cunningham and Lemon, and ran off.
          Officer Steven Hill testified that he worked the assault and burglary. Officers
stopped the car and arrested Lemon and Cunningham. When officers inventoried the car,
they found three cans of beer of the type in Lightfoot's ice chest, and also found tools, a
C.D. case, a rifle, a cell phone, a video camera, and other items that were identified as
stolen property belonging to Dr. Wally Kraft—the owner of the pickup truck.
          Cunningham first contends that Lemon was an accomplice as a matter of law and
that the court erred by failing to so instruct the jury, and that there was insufficient
nonaccomplice evidence that tended to connect Cunningham to the crime. We have
addressed the legal issue in both companion appeals. For the same reasons as set out
in those opinions, we also conclude the failure to give the instruction was error. However,
as we pointed out in the companion appeals, there was testimony from the neighbor that
Cunningham was in the car and that Cunningham attacked him for no reason other than
his questions. This is not a typical response, and the jury could easily have taken this as
a response not to his questions—but to being caught waiting for a friend to get back with
the stolen items. The jury could reasonably have taken this violent reaction and the attack
as showing Cunningham's intent to help Lemon complete the theft and escape. 
          Ray, the other person in the car, testified that he saw Cunningham stomping and
kicking Buster and that he told them they had done a bad thing by attacking and beating
the man—after which they beat up Ray. 
          The evidence shows that Lemon did steal the beer from the house and the items
from the pickup truck, that Lemon and Cunningham beat Buster, and that Lemon and
Cunningham were arrested together—with the results of both thefts found in the car. Intent
may be directly proven, or it may be inferred from circumstantial evidence such as acts,
words, and the conduct of the appellant. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim.
App. 2004).
          Although it is clear that such a charge should have been sent to the jury, it is not
apparent that egregious harm resulted from its absence. The nonaccomplice evidence,
as summarized above, is not "so unconvincing in fact as to render the State's overall case
for conviction clearly and significantly less persuasive." Herron v. State, 86 S.W.3d 621,
632 (Tex. Crim. App. 2002). We further conclude the nonaccomplice evidence detailed
above is sufficient to "tend to connect" Cunningham to the crime. The contention of error
is overruled.
          Cunningham also contends the evidence is legally and factually insufficient to
support the verdict. Utilizing the usual standards of review as set out in detail in the
companion case styled Cunningham v. State, cause number 06-05-00215-CR, we
acknowledge that there was no evidence Cunningham personally committed any aspect
of this crime—except for personally causing bodily injury to Buster. We also recognize, as
in the companion cases, that the jury could find him guilty as being criminally responsible
as an accomplice to the unlawful acts of Lemon. The evidence detailed above shows
presence, assistance, and behavior designed to assist Lemon in his acts—and there is no
evidence showing the contrary. This is both legally and factually sufficient to support the
verdict. The contentions of error are overruled.
          Cunningham's final contention of error is that he received ineffective assistance of
counsel at trial. With one exception, the errors by counsel alleged are the same ones,
based on the same reasoning, as those addressed in cause number 06-05-00215-CR, and
we adopt the rulings in that opinion on those contentions. 
          Cunningham brings one additional contention of ineffective assistance that is unique
to this appeal. He contends that counsel was ineffective because he did not request a jury
charge on a lesser included offense. Specifically, he contends that counsel should have
requested the lesser included offense of assault


 because there was evidence that a jury
could have believed that Cunningham was guilty only of assaulting Buster, not as a party
to the theft itself.
          A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is
included within the proof necessary to establish the offense charged, and (2) there is some
evidence that would permit the jury rationally to find that, if the defendant is guilty, he or
she is guilty only of the lesser offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim.
App. 2000); Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). Further, the
evidence must establish the lesser-included offense as a valid rational alternative to the
charged offense. Wesbrook, 29 S.W.3d at 113; Arevalo v. State, 943 S.W.2d 887, 889
(Tex. Crim. App. 1997). This means that the evidence must allow a jury to rationally
conclude that the appellant was guilty only of the lesser offense. Wesbrook, 29 S.W.3d
at 113. 
          We have detailed the evidence above. We must also recognize that Lemon's
testimony about the events was inconsistent with prior statements. He testified at trial that
he was drunk, and he could not remember having a conversation with Cunningham about
deciding to steal something out of somebody's home, although Officer Brooks testified that,
when he interviewed Lemon, he said they had such conversations before arriving at the
Lightfoot residence. There is conflicting evidence about which of them drove to Lightfoot's
house and backed the vehicle into his driveway, after which Lemon got out and went into
the garage. The evidence also shows that, when a neighbor came over to ask what they
were doing, Cunningham got out of the car and attacked him. The evidence finally shows
that, when Lemon got back in the car, the beating concluded, and with newly-acquired beer
in hand, Cunningham drove away.
          In an argument based on a claim of inadequate assistance of counsel, an appellant
must, by a preponderance of the evidence, prove: (1) trial counsel's performance fell
below an objective standard of reasonableness, and (2) counsel's deficient representation
prejudiced the appellant's defense. Strickland v. Washington, 466 U.S. 668, 688 (1984). 
 If, however, "there is at least the possibility that the conduct could have been legitimate
trial strategy," then we must "defer to counsel's decisions and deny relief on an ineffective
assistance claim on direct appeal." Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim.
App. 2003). Our review of counsel's representation is highly deferential, and we indulge
a strong presumption that counsel's conduct falls within a wide range of reasonable
representation. Strickland, 466 U.S. at 689.
          In this case, there is substantial, albeit partially controverted, evidence from multiple
sources to show that Cunningham was indeed involved in all aspects of the criminal
activity. Although there was evidence from which a jury could arguably have concluded
that Cunningham was not a party to this offense, in light of the strength of, and nature of
the evidence about the criminal act, it is within the bounds of reasonable representation
for counsel to conclude that seeking an instruction on a lesser offense was a futile act. 
          There is also a further argument that counsel may have decided to "roll the dice" in
hopes of getting an acquittal on the greater offense without providing the jury with the
opportunity to compromise and convict him of the lesser. By not requesting an instruction
on a lesser included offense, the accused hopes the jury will acquit of the greater offense,
rather than convict on what he or she believes is arguably insufficient evidence. "The
accused is counting on the jury to comply with the instructions that the state's burden is to
prove guilt beyond a reasonable doubt." See Collier v. State, 999 S.W.2d 779, 782 (Tex.
Crim. App. 1999).
          Although we might not agree with the tactical decision, the arguments are not
unreasonable and, in that situation, we must defer to counsel's decision. The contention
of error is overruled.
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 16, 2006
Date Decided:         September 19, 2006

Do Not Publish